HUGHES
*v.*
BOYCE.

---

## OVERTON *v.* RICORD, Sheriff.

Where a sheriff, charged with the sale of property under execution, adjudicates it to a purchaser on condition of his executing a twelve months' bond with surety, and subsequently perfects the adjudication without obtaining any surety on the bond, his neglect will place him in the surety's stead, and render him personally liable for the whole amount of the bond.

APPEAL from the District Court of Avoyelles, *King*, J. *O. N. Ogden*, for the plaintiff, cited Code of Pract. art. 681. *H. Taylor* and *Swayze*, for the appellant, contended that the act or omission of the sheriff is not an offence or quasi-offence. C. P. arts. 29 to 32. 2 La. 429. Civil Code, arts. 2271, 2272, 2294. If there has been a breach of the sheriff's bond, the action should have been on it. If there has been no breach, no action lies. The judgment of the court was pronounced by

SLIDELL, J. The defendant being charged, in his character of sheriff, with the sale of property under execution, adjudicated it to *Orr*, upon twelve-months' bond. *Briggs* promised to sign the bond as surety. Three days afterwards the sheriff presented the bond for signature to *Briggs*, who refused to sign. The return of the sheriff upon the writ states the adjudication to *Orr*, and that he had furnished his bond with        as surety, but made no mention of the promise and refusal of *Briggs*, which were exhibited by an amended return, made after the institution of the present suit. The adjudication to *Orr* was made in October, 1843, and the present suit was brought in 1845. *Briggs* was considered solvent at the time of sale; he has since died, and his succession, at the time of the trial of the cause, was under administration as an insolvent succession. It is not proved, however, that the liability of *Briggs*, if obtained, would have been worthless, either at the maturity or the date of the bond, nor that the plaintiff, the creditor in execution, has done any act approving the sheriff's conduct.

The sheriff violated his duty by perfecting the adjudication and returning the writ, without obtaining surety on the twelve-months' bond. His neglect of duty has placed him in the surety's stead, and as *Briggs*, if he had signed, would have been liable for the whole amount of the bond, that amount must be the measure of damages against the sheriff.

*Judgment affirmed.*